UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: HO WAN KWOK, *et al.*, <br> *Debtors* | BANKR. NO. 22-50073 (JAM) <br> *Chapter 11* |
| MARK GUNDERSON, *et al.*, <br> *Appellants*, <br><br> v. <br><br> LUC A. DESPINS, <br> *Ch. 11 Trustee-Appellee.* | CIVIL NO. 3:25-cv-404 (KAD) <br><br><br><br> MAY 19, 2025 |

**MEMORANDUM OF DECISION RE: APPELLANTS' MOTIONS FOR LEAVE TO APPEAL (ECF Nos. 3, 19, 21, 22, 23, 29, 31, 32, 33, 35, 36, 36, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70)**

Kari A. Dooley, United States District Judge:

These consolidated appeals arise out of a multitude of adversary proceedings commenced in connection with the Chapter 11 Bankruptcy case of Debtor Ho Wan Kwok, Bankr. No. 22-bk-50073 (JAM). The Joint Defendants[1] and Non-Joint Defendants[2] (collectively, "Appellants") each

---

[1] The Court accepts and adopts the parties' self-identified categorical labels. The Joint Defendants and their corresponding underlying adversary proceedings are as follows: Mark Gunderson (24-ap-5048); Ohtzar Shlomo Solomon Treasure (24-ap-5082); Anthem Health Plans, Inc. (24-ap-5058); Anthem HealthChoice Assurance, Inc. (24-ap-5112); Flat Rate Movers, LTD. (24-ap-5141); Jamestown Associates, LLC (24-ap-5147); American Express Company (24-ap-5077); Indium Software Inc. (24-ap-5122); Nardello & Co., LLC (24-ap-5162); Clayman Rosenberg Kirshner & Linder LLP (24-ap-5202); Jason Miller (24-ap-5219); Grocyber, LLC (24-ap-5100); Miller Motorcars, Inc. (24-ap-5128); Target Enterprises, LLC (24-ap-5138); On The Spot Home Improvement, Inc. (24-ap-5130); Sedgwick Realty Corp. (24-ap-5222); Cirrus Design Corp. (24-ap-5225); DJD Creative LLC (24-ap-5063); Conservative Campaign Technology LLC (24-ap-5108); 3 Columbus Circle LLC (24-ap-5120); Putnam's Landscaping LLC (24-ap-5211); Agora Lab, Inc. (24-ap-5005); Morvillo Abramowitz Grand Iason & Anello P.C. (24-ap-5196); B&H Foto & Electronics Corp. (24-ap-5069); Zeta Global Corp. (24-ap-5092); Modsquad Inc. (24-ap-5114); Amazon Web Services, Inc. (24-ap-5006); Direct Persuasion LLC (24-ap-5010); Arri Americas Inc. (24-ap-5031); Teris-Phoenix, LLC (24-ap-5044); Phillips Nizer LLP (24-ap-5047); Amazon.com Inc. (24-ap-5057); Federal Express Corporation (24-ap-5059); 270 W. 39th Street Co., LLC (24-ap-5055); and Cloudfare, Inc (24-ap-5155).

[2] The Non-Joint Defendants and their corresponding underlying adversary proceedings are as follows: V.X. Cerda & Associates P.A. (24-ap-5134); FFP (BVI) Limited (24-ap-5056); Aaron Mitchell (24-ap-5110); The Francis Firm PLLC (24-ap-5168); Berkeley Rowe Limited (24-ap-5186); Lawall & Mitchell, LLC (24-ap-5199); G4S Security Systems Limited (24-ap-5204); Weddle Law, PLLC (24-ap-5188); and ACASS Canada Ltd. (24-ap-5226).

seek leave to appeal the Bankruptcy Court's ruling on their respective Motions to Dismiss or Motions for Judgment on the Pleadings (the "MTD Order").[3] The MTD Order resolved, in favor of the Trustee, four issues common to the Joint and Non-Joint Defendants, and accordingly, denied the Joint Defendants' Motions (the "Joint Motions") and denied in part the Non-Joint Defendants' Motions (the "Non-Joint Motions"). *See In re: Ho Wan Kwok*, Bankr. No. 22-bk-50073 (JAM) (Bankr. D. Conn. March 4, 2025), ECF No. 4189. The Trustee, in an omnibus brief, opposes Appellants' Motions for Leave to Appeal. *See* ECF No. 71. The Joint Defendants and Non-Joint Defendants filed consolidated reply briefs. *See* ECF No. 73 (Joint Defendants); ECF No. 72 (Non-Joint Defendants). For the reasons set forth below, the Motions for Leave to Appeal are **DENIED**.

**Facts and Procedural History**

The parties' familiarity with the underlying bankruptcy proceedings is assumed. The Trustee has now filed over 260 adversary proceedings seeking to "avoid transfers nominally made by entities that are, in reality, alter egos of, and beneficially owned by, the Debtor." Trustee Obj. at 5. All of the Complaints in these underlying adversary proceedings invoke the Bankruptcy Code and various provisions of New York's Debtor and Creditor Law, and allege that the Debtor, through various alter egos, transferred property to the respective Appellants, and that those transfers were either fraudulent transfers or unauthorized post-petition transfers. The Trustee seeks, in short, to claw back these transfers for the benefit of the Estate.

On September 25, 2024, the Bankruptcy Court entered a Joint Briefing Order approving a process proposed by the Joint Defendants whereby the Bankruptcy Court would resolve four issues common to all of the underlying Complaints, and relating to the interaction of alter ego and avoidable transfer law (the "Stipulated Issues"). Those four Stipulated Issues were:

---

[3] The MTD Order was entered in each of the 44 adversary proceedings at issue here.

> (i) whether the Trustee can avoid an initial transfer by a non-debtor entity; (ii) whether applicable law allows for reverse veil piercing or alter ego determinations; (iii) the effect under applicable law of a reverse veil piercing or alter ego determination; and (iv) whether a determination of reverse veil piercing or alter ego may be applied retroactively.

*See* MTD Order at 7.

On October 18, 2024, the Joint Defendants filed their Joint Motion, arguing that the underlying Complaints in their adversary proceedings should be dismissed or that judgment on the pleadings should enter based on the Joint Defendants' arguments with respect to the Stipulated Issues. The Joint Motion was fully briefed as of November 22, 2024. Separately, the Non-Joint Defendants filed their own Non-Joint Motions, likewise invoking some or all of the Stipulated Issues, and making several additional arguments not made in the Joint Motions and not decided in the MTD Order. On January 15, 2025, a hearing was held on the Joint Motions and the Non-Joint Motions.

On March 4, 2025, the Bankruptcy Court entered the MTD Order, which, following an extensive examination of the law and issues, offered in summary fashion the following determinations regarding the Stipulated Issues:

As to Stipulated Issue I, *i.e.*, whether the Trustee can avoid an initial transfer by a non-debtor entity, the Bankruptcy Court concluded that:

> "[t]he Trustee does not seek to avoid an initial transfer by a non-debtor entity. The Trustee alleges the Individual Debtor made the transfers. Transfer is defined to include indirect transfers. Hence, the nominal transferor is not controlling. The Trustee advances alter ego and beneficial ownership allegations to assert the Individual Debtor is the transferor."

MTD Order at 50.

As to Stipulated Issue II, *i.e.*, whether applicable law allows for reverse veil piercing or alter ego determinations, the Bankruptcy Court concluded that:

3

"[r]everse veil-piercing is recognized by Delaware law. The Court has considered the parties' arguments regarding the sufficiency of the Trustee's pleading of alter ego. The Trustee has standing to bring a reverse veil-piercing claim. The Trustee is not required to plead lack of prejudice to creditors of the alleged alter ego. The Trustee has plausibly pled alter ego."

*Id.*

As to Stipulated Issue III, *i.e.*, the effect under applicable law of a reverse veil piercing or alter ego determination, the Bankruptcy Court concluded that:

"[t]he Trustee does not solely rely on alter ego allegations – he also pleads beneficial ownership. Nevertheless, the effect of reverse veil-piercing under Delaware law is that the corporate form is disregarded. Disregard of the corporate form has different results depending on the substantive law of the companion cause of action. Typically, it results in the imposition of vicarious liability. It may also be asserted to prove some claim or defense. Under the Bankruptcy Code, an alter ego determination can be used to establish a debtor made an indirect transfer and renders the property of the debtor's alter ego property of the estate. Under [New York's Debtor and Creditor Law], an alter ego determination can be used to avoid transfers by the alter ego of the alter ego's property."

*Id.*

As to Stipulated Issue IV, *i.e.*, whether a determination of reverse veil piercing or alter ego may be applied retroactively, the Bankruptcy Court concluded that:

"[t]he Trustee is not seeking retroactive relief. Alter ego is a remedy for past and present abuse of the corporate form. It brings legal reality in line with factual reality. Alter ego survives the advent of substantive consolidation in bankruptcy proceedings. There is no basis to reinterpret the complaints as seeking substantive consolidation rather than alter ego."

*Id.* at 51.

Significantly, regarding Stipulated Issues I and III, the Bankruptcy Court emphasized the Trustee's inclusion of beneficial ownership allegations in each of the Complaints, which, in combination with the Bankruptcy Court's definition of "transfer," support the Trustee's claim that the Debtor himself, not the alter ego, was the transferor. *See* MTD Order at 18, 21 ("[a]ssuming the Trustee has plausibly alleged the Individual Debtor beneficially owns the alter egos, he has

plausibly pled the alter egos are affiliates of the Individual Debtor, through which the Individual Debtor could indirectly transfer assets."); ("[t]he Trustee is alleging the Individual Debtor *always* had an interest in the alter egos' property – the interest is not created by an alter ego determination.") (emphasis in original).

Consistent with the foregoing determinations, the Bankruptcy Court concluded "that none of the [Stipulated Issues] raised by the [Joint and Non-Joint Defendants] merit dismissal of the avoidance actions," and denied the Joint Motions and denied in part the Non-Joint Motions.[4] *See id.* at 1.

On March 18, 2025, 35 Joint Defendants and nine Non-Joint Defendants timely filed the instant Motions for Leave to Appeal the MTD Order (the "Motions" or "MLAs").[5]

**Standard of Review**

Districts courts have jurisdiction to hear appeals from "final judgments, orders, and decrees . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a).[6] "The decision as to whether to grant leave to appeal an interlocutory order of a bankruptcy court is committed to the discretion of the district court." *Osuji v. U.S. Bank, N.A.*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018) (citing *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003). The standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from

---

[4] The Non-Joint Motions were denied with respect to any and all arguments raised therein relating to the Stipulated Issues. As to any remaining issues to be determined with respect to the Non-Joint Motions, the Bankruptcy Court ordered each Non-Joint Defendant to file a joint statement in their respective adversary proceeding regarding such remaining issues. Each Non-Joint Defendant has since complied with those instructions, and indeed, the Bankruptcy Court has now issued separate decisions as to each of the Non-Joint Defendants' Motion to Dismiss, several of which are now the subject of appeals pending before this Court. *See In re Kwok*, No. 3:25-cv-680 (Weddle Law); *In re Kwok*, No. 3:25-cv-682 (ACASS Canada Ltd.).

[5] The Trustee contends that the Joint Motions are identical in all material respects, and that the Non-Joint Motions assert many of the same arguments set out in the Joint Motions. Trustee Obj. at 10. Appellants do not dispute this assertion, which upon the Court's own review, appears to be accurate. As such, the Court herein addresses the core grounds for interlocutory appeal advanced by Appellants, and to the extent necessary, further specifically addresses any unique arguments asserted in the Non-Joint Motions.

[6] The parties do not dispute that this case presents an appeal of an interlocutory order.

5

district courts to courts of appeals, similarly governs such interlocutory appeals from bankruptcy courts to district courts. *In re Quigley Co.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) ("[C]ourts in this Circuit have invariably held[] all appeals governed by Section 158(a)(3) . . . should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal shall be granted." (citation omitted)).  Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Accordingly, Appellants must establish that "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji*, 285 F. Supp. at 558; *see also In re Salvatore*, No. 3:18-CV-1429 (SRU), 2019 WL 1284815, at *1 (D. Conn. Mar. 20, 2019).

The first inquiry is satisfied "if the reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation." *In re Salvatore*, 2019 WL 1284815 at *2 (quoting *Buckskin Realty Inc. v. Greenberg*, 552 B.R. 40, 44 (E.D.N.Y. 2016)). "The question of law must be a pure question that does not require resort to the case docket for study." *Id.* at *2.  The second inquiry is satisfied where there is either conflicting authority on the issue or the issue is particularly difficult and of first impression in the Second Circuit. *Osuji*, 285 F. Supp. 3d at 558. Alternatively, there must be "a genuine doubt as to whether the bankruptcy court applied the correct legal standard. . . . [M]erely claiming that the bankruptcy court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." *In re Salvatore*, 2019 WL 1284815 at *2.  The third inquiry is satisfied "when the appeal promises to

6

advance the time for trial or to shorten the time required for trial." *Id.* Further, district courts have "unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of [section] 1292(b) are met." *Buckskin Realty Inc.*, 552 B.R. at 44.

**Discussion**

Though between the Joint and Non-Joint Defendants there are 44 total Appellants seeking leave to appeal, the grounds supporting Appellants' Motions are substantially the same. Indeed, Appellants contend that an interlocutory appeal is appropriate here because: (1) the MTD Order raises pure, controlling questions of law which were wrongly decided by the Bankruptcy Court; (2) the MTD Order is erroneous in various ways and is otherwise at odds with binding precedent, thus demonstrating substantial grounds for a difference of opinion; and (3) a ruling on the threshold issues raised in the Joint and Non-Joint Motions will materially advance the ultimate resolution of the Trustee's mass of adversary proceedings, "[b]ecause the Trustee's entire litigation campaign rests on untested and controlling questions of law."[7] MLA at 31.[8] In response, the Trustee argues that (a) none of the issues here are pure questions of law; rather, each would require the Court to make rulings based on the facts and allegations in the Trustee's Complaints; (b) Appellants have not satisfied the standard for a substantial ground for a difference of opinion; and (c) reversal would not terminate the underlying adversary proceedings, because the Trustee would amend his Complaints to address any shortcomings identified upon reversal, or plead an alternate claim (*e.g.*,

---

[7] The Joint Defendants posit three "questions presented" for the Court on appeal, while the Non-Joint Defendants posit eight such questions. Though the Court has, as appropriate, considered these questions when evaluating whether to permit an interlocutory appeal, to avoid confusion, it has not specifically structured its findings herein accordingly.

[8] Citations to the Joint Defendants' MLA are derived from the specific Motion for Leave to Amend filed by Appellant Mark Gunderson. *See* ECF No. 3.

substantive consolidation).[9]  The Court agrees with the Trustee that Appellants have not met the standard for interlocutory appeal.

First, Appellants fail to demonstrate that the issues they seek to raise on appeal are pure, controlling questions of law.  In fact, as accurately observed by both the Bankruptcy Court and the Trustee, many of the issues raised in the MTD Order and challenged by Appellants are either fact-based or otherwise turn on an assessment of the pleadings.  Indeed, as observed by the Bankruptcy Court, the Joint and Non-Joint Defendants misconstrued the Trustee's allegations and the nature of the relief sought in the Complaints.[10]  In resolving Stipulated Issues I and III, the Bankruptcy Court concluded that: (a) the Trustee advances alter ego *and* beneficial ownership allegations to assert that the Debtor—not the alter egos—was the initial transferor; and (b) because the Trustee pleads beneficial ownership, the effect of an alter ego determination is no longer dispositive. Appellants argue that the Bankruptcy Court erred in concluding that the Trustee's Complaints assert alternative beneficial ownership allegations which in turn, support the Trustee's claim that the Debtor himself, not the alter ego, was the initial transferor of the subject fraudulent transfers. To that end, Appellants assert—based on "*a review of the complaints*" (emphasis added)—that the Trustee "alleges no facts . . . beyond threadbare conclusory statements, supporting the Trustee's

---

[9]  The Trustee further argues that: (a) Appellants' efforts to obtain interlocutory review of the MTD Ruling are a poorly disguised attempt to reargue issues that the Bankruptcy Court has already addressed and rejected; and (b) the Court should reject Appellants' efforts to avoid litigating before the Bankruptcy Court, which Appellants apparently perceive as a less favorable forum.  Trustee Obj. at 4, 27.  Insofar as the Court is herein denying leave to appeal based on the traditional factors governing interlocutory appeals, it need not opine as to these additional arguments.

[10] The Joint and Non-Joint Defendants persist in this mischaracterization of the Trustee's allegations in their respective MLAs, consistently referring to the alter ego entities as "non-debtor transferors" when, as was done by the Bankruptcy Court, a plain reading of the Complaints allege that the *Debtor was the transferor* who effectuated the transfers at issue by using the alter ego entities. Appellants cannot first re-write the nature of the Trustee's claims and then raise arguments to defeat the claims as re-cast.

claim for beneficial ownership of the assets of the [Debtor's] alter egos."[11]  MLA at 15.  But Appellants' displeasure with the Bankruptcy Court's reading of the Trustee's Complaint to assert the Debtor as the initial transferor and/or otherwise plead beneficial ownership allegations is not appropriate for interlocutory review.[12]  *See McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 399 (S.D.N.Y. 2018) ("a question that turns on the . . . assessment of the pleadings, is not a pure question of law suited for interlocutory appeal.") (internal quotation marks and citation omitted).  Moreover, in contesting the purported beneficial ownership allegations, Appellants urge the Court not only to study the sufficiency of the pleadings in their respective adversary proceedings, but to analyze the allegations set forth in *separate* adversary proceedings filed against the alter egos themselves, which Appellants contend are "contradictory and irreconcilable" insofar as they assert that the alter egos—not the Debtor—were the initial transferors of the subject fraudulent transfers.[13]  *See In re Salvatore*, 2019 WL 1284815 at *2.  This latter argument alone defeats any claim that the proposed interlocutory appeal involves a purely legal question.

Nevertheless, even if the MTD Order involved only pure, controlling questions of law (which it does not), the Court further concludes that an appeal at this juncture would not materially advance termination of the underlying adversary proceedings.  Appellants assert that "because the

---

[11] Appellants urge that "the controlling issue of law at issue is whether a beneficial ownership theory, **even if sufficiently pleaded**, allows the Trustee's claims to proceed without regard to a reverse-veil piercing analysis." MLA Reply, ECF No. 73, at 2–3 (emphasis in original).  But as discussed herein, the Court is not persuaded that this issue is controlling, given the Bankruptcy Court's alternative holding that the Trustee's alter ego allegations were sufficient on their own.

[12] Appellants argue that the beneficial ownership issue is "a theory cut from whole cloth by the Bankruptcy Court," and that as a result, Appellants did not have an adequate opportunity to address the issue in the Bankruptcy Court. MLA at 11.  None of the Appellants however advanced this argument in the Bankruptcy Court, by way of a motion for reconsideration or otherwise. And the Court is not persuaded that Appellants' failure to identify and forestall alternative bases for the MTD Order entitles them to interlocutory review.

[13] Though Appellants claim that the Bankruptcy Court erred by "indulg[ing] two parallel, yet conflicting, realities," *see* MLA at 15, any assessment of this argument also necessarily requires a review of the pleadings below.

Trustee's entire litigation campaign rests on untested and controlling questions of law, resolution of even just one of [the Stipulated Issues] would substantially resolve the vast majority of the more than 200 cases brought by the Trustee." MLA at 31. The Trustee counters by asserting, *inter alia*, that if the MTD Order were to be reversed, in whole or in part, he would amend the complaints and that therefore reversal at this nascent stage "would not change that complicated factual and legal issues remain to be adjudicated before final judgment." Trustee Obj. at 27 (citation omitted). The Court agrees with the Trustee.

As an initial matter, a partial reversal of the MTD Order based on, *e.g.*, the Bankruptcy Court's evaluation of the Trustee's beneficial ownership allegations, would not change the ultimate outcome of the MTD Order, given the Bankruptcy Court's alternative holding that the Trustee's alter ego allegations were sufficient on their own. Similarly, if the Court were to agree with Appellants—in connection with Stipulated Issue II—that pleading lack of prejudice to unknowing third-party creditors of the alleged alter ego is a condition precedent to bringing a reverse veil piercing claim, the Trustee would, by his own admission, simply amend the Complaint to assert the requisite lack of prejudice.[14] Additionally, the Trustee has further indicated that even if the MTD Order were fully reversed and the Complaints dismissed in their entirety, the Trustee would seek to file amended complaints alleging, in the alternative, substantive consolidation, thereby

---

[14] The Trustee also raises this issue in connection with the "controlling question of law" factor, arguing that the question of prejudice is necessarily highly fact-based and not suited for interlocutory review. The Court agrees in part, but concludes that in this context, the relevant question of law is whether the Trustee was required to *plead* a lack of prejudice in the first instance, not whether as a factual matter the alter egos' creditors would be prejudiced. To that end, the Court need not address the parties' factual assertions regarding prejudice—including Appellants' insistence that stripping the alter egos of all assets for the benefit of the Debtor's creditors would obviously be prejudicial. Insofar as the Trustee has indicated that, upon reversal, he would amend the pleadings, the prejudice issue is not controlling. *See also Picard v. Estate of Madoff*, 464 B.R. 578, 582 (S.D.N.Y. 2011) (a "controlling question of law" is one in which "reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation") (citation omitted).

prolonging, not expediting the litigation.[15]  *See In re Cornerstone Homes, Inc.*, No. 17-CV-6115 (FPG), 2017 WL 1370999, at *2 (W.D.N.Y. Apr. 17, 2017) ("[i]n general, challenges to the sufficiency of pleadings are inappropriate for interlocutory review because reversal would simply lead to 'a remand for repleading, with possibilities of further interlocutory appeals thereafter.'") (quoting *In re Manhattan Inv. Fund Ltd.*, 288 B.R. 52, 56 (S.D.N.Y. 2002)); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014) ("[t]he Second Circuit regularly denies interlocutory appeals at such preliminary stages where, as here, the appeal could at most lead only to a remand for repleading.").  As such, Appellants have failed to demonstrate that permitting this interlocutory appeal of the MTD Order would materially advance the resolution of these adversary proceedings.[16]

Lastly, the Court observes that its "unfettered discretion" to deny certification "can be for 'any reason, including docket congestion' and 'the system-wide costs and benefits of allowing the appeal.'"  *In re Facebook*, 986 F. Supp. 2d at 530 (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)).  Accordingly, the Court is further denying interlocutory review here based on a concern that a reversal, in whole or in part, of the MTD Order might render utterly unwieldy the existing "complexities of this omnibus proceeding," *see* MTD Order at 2 n.1, and the intricate procedural landscape underlying these cases.  This is particularly so with respect to the Non-Joint Defendants, whose Motions to Dismiss their respective adversary proceedings go beyond the scope of the MTD Order.  *See supra* n.3.  Indeed, some of those Non-Joint Defendants are separately seeking leave to appeal the Bankruptcy Court's subsequent denial of the remaining

---

[15] It is also worth noting that Appellants may yet prevail on the merits in the adversary proceedings, which would render review of the MTD Order a meaningless exercise and an unnecessary expenditure of resources – for the Trustee, Appellants, and the Court.

[16] The Court does not herein reach the issue of whether substantial grounds for a difference of opinion exist, given: (a) Appellants' above-discussed failure to meet the other criteria for certification of an interlocutory appeal; and (b) the Court's "unfettered discretion to deny certification," *see Buckskin Realty Inc.*, 552 B.R. at 44.

components of their Motion to Dismiss not addressed in the MTD Order. *See, e.g.*, *In re Kwok*, No. 3:25-cv-680 (KAD). While the somewhat piecemeal resolution of these many Motions to Dismiss was no doubt a sensible approach at the Bankruptcy Court level (and one proposed by the Joint Defendants themselves), it does not enhance the case for interlocutory review.

**Conclusion**

For the foregoing reasons, Appellants' Motions for Leave to Appeal are **DENIED**. The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of May 2025.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE